UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER PUTTHONGVILAI, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; KENNETH WILLIAMS, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. 2:25-cv-29 WBS CSK<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff Jennifer Putthongvilai ("plaintiff") filed this action in state court on July 9, 2024, against defendant Costco Wholesale Corporation ("Costco") and defendant manager Kenneth Williams ("Williams") alleging negligence and premises liability based on her slip-and-fall accident at the Costco location in Vacaville, California. (Docket No. 1 at 7-15.)

Costco answered the complaint in state court on September 11, 2024. (Id. at 28-32.) After learning that the amount in controversy exceeded $75,000, Costco removed the case

1

to this court on January 2, 2025, based on diversity jurisdiction. (Id. at 1-5.)  Costco's Notice of Removal does not mention Williams, but it does state that "Costco Wholesale Corporation is the only defendant that has been served." (Id. at 1-5, 17-18.)  Plaintiff now moves to remand. (Docket No. 4.)

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over diversity cases "involving citizens of different states."  Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018). Traditional diversity jurisdiction requires "complete diversity" of citizenship among the parties.  Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1225-26 (9th Cir. 2019).

Plaintiff is a citizen of California. (Docket No. 4 at 6.)  Costco is a citizen of Washington. (Docket No. 1 Ex. B at ¶ 2.)  But because Williams appears to be a citizen of California, the parties are not diverse.  See 28 U.S.C. § 1332(a).  As such, the court must remand the case due to lack of subject matter jurisdiction unless some exception to the complete diversity rule applies.

Costco first argues that because Williams has not been served, the court may ignore his citizenship in determining the parties' diversity.  But "whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of

2

1   diversity is determined from the fact of citizenship of the
2   parties named and not from the fact of service." Metcalf v.
3   Walmart, Inc., No. 1:21-cv-1630 AWI BAK, 2022 WL 856030, at *3-4
4   (E.D. Cal. Mar. 23, 2022) (cleaned up) (quoting Clarence E.
5   Morris, Inc. v. Vitek, 412 F.2d 1174, 1176-77 (9th Cir. 1969));
6   see also Ryce v. AutoZone Parts, Inc., No. 23-cv-01212, 2023 WL
7   9510577, at *5 (D. Or. Dec. 5, 2023) ("District courts have
8   likewise recognized that satisfaction of the complete diversity
9   requirement does not turn on the service or non-service of a
10  defendant who would destroy complete diversity.").  Here, both
11  plaintiff and Williams are citizens of California, which destroys
12  diversity jurisdiction.  As a result, Costco's argument about the
13  lack of service of process on Williams fails.
14          Costco next argues that Williams is a sham defendant,
15  which is an exception to the complete diversity rule.
16  See Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548
17  (9th Cir. 2018).  "There are two ways to establish fraudulent
18  joinder: '(1) actual fraud in the pleading of jurisdictional
19  facts, or (2) inability of the plaintiff to show establish a
20  cause of action against the non-diverse party in state court."
21  Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044
22  (9th Cir. 2009)).
23          However, it appears that Williams is not a sham
24  defendant because the removed complaint's allegations against him
25  constitute potentially cognizable claims.  (See Docket No. 1
26  Ex. A at ¶¶ 14-18, 20-22, 27-29.)  For example, it states that
27  "on or about July 16, 2022, defendants Costco, Williams, and Does
28

3

1 to 100 . . . operated, maintained, designed, installed, built, managed, supervised, inspected and/or otherwise controlled the subject location such that unsafe conditions were created which led to the incident where plaintiff was injured while at the subject location." (Id. at ¶ 16 (cleaned up).)

Notably, defendant has not moved to dismiss the claims against Williams. While the court expresses no opinion as to how it would have ruled if defendant had moved to dismiss Williams, it finds that the complaint raises colorable allegations against him. See, e.g., Metcalf, 2022 WL 856030, at *3-4 ("By narrowing events to a specific day and a specific store, and naming defendant as a supervisor or manager of that store, the complaint has done enough to reasonably identify the role that the defendant had in the events in question as well as her identity" (cleaned up).); Janke v. BOC Fin. Corp., No. C-04-0941, 2004 WL 894632, at *3-4 (N.D. Cal. Apr. 21, 2004) (remanding to state court because complaint alleged non-diverse unserved defendants' possible liability). Thus, the court cannot ignore Williams' citizenship in determining whether the court has diversity jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand the case to the state court (Docket No. 4) be, and the same hereby is, GRANTED. This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Solano.

Dated: March 7, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4